IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODNEY LYDELL TILLIS,**<br><br>Petitioner,<br><br>v.<br><br>**ANTHONY HEDGEPETH, Warden,**<br><br>Respondent. | Civil No. 11cv1135-WQH (BGS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 13.]** |

### I. INTRODUCTION AND SUMMARY

On May 19, 2011, petitioner Rodney Lydell Tillis ("Tillis"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his December 5, 2008 state court conviction. (Pet. at 2, ECF No. 1.) Because Tillis has direct appeal proceedings pending in the California state court; this court recommends that the Petition be dismissed without prejudice.

### II. STATE PROCEEDINGS

On December 5, 2008, Tillis was convicted on charges of human trafficking, pandering by encouraging, and sexual penetration by a foreign object and sentenced to 15 years in state prison. (Pet. at 2, ECF No. 1.) On December 5, 2008, Tillis filed an appeal with the California Court of

1

1  Appeal, 4th Appellate District, Division I, contesting his convictions on grounds of instructional
2  errors, insufficiency of the evidence, and various sentencing errors.  (Id. at 3.)  On February 9,
3  2010, the California Court of Appeal overturned the convictions for human trafficking and
4  pandering by encouraging on the grounds of instructional error.  (Id. at 9.)  Tillis's conviction for
5  sexual penetration by a foreign object was affirmed.  (Id.)

6  On March 12, 2010, Tillis filed a Petition for Review to Exhaust State Remedies in the
7  California Supreme Court.  On March 19, 2010, Respondent filed a second petition for review in
8  the California Supreme Court regarding reversal of the pandering conviction.  On May 20, 2010,
9  Tillis's petition for review was denied.  (Lodgment 1.)  Respondent's petition for review,
10 however, was granted and the court deferred action on Tillis's case pending its consideration and
11 disposition of a related issue in *People v. Zambia*, 127 Cal. Rptr. 3d 662 (2011) (whether the
12 crime of pandering by encouragement requires a finding that the defendant did not believe that
13 the person he was soliciting to become a prostitute was already a prostitute).  (Mot. to Dismiss
14 Pet. at 2, ECF No. 13.)  On August 24, 2011, the California Supreme Court transferred the matter
15 back to the California Court of Appeal for reconsideration of its February 9, 2010 opinion in light
16 of *Zambia*.  (Id. at 2.)

17 Additionally, on September 15, 2010, the San Diego Superior Court denied Tillis's petition
18 for a writ of habeas corpus brought on grounds of Ineffective Assistance of Counsel and
19 prosecutor misconduct.  (Pet. at 3-4, ECF No. 1.)  Tillis has not indicated that he has filed a
20 petition for a writ of habeas corpus in the California Court of Appeal or the California Supreme
21 Court.  (Id. at 4.)

22 **III. DISCUSSION**

23 **1. Exhaustion**

24 Before seeking federal habeas corpus relief, a state prisoner must exhaust available state
25 remedies.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  In order to satisfy the exhaustion
26 requirement, a petitioner must "fairly present" his federal claims to the state courts to give the
27 State the "opportunity to pass upon and correct alleged violations of it prisoners' federal rights."
28 Id.  The state prisoner must "fairly present" his claim at each appropriate level of state court in

order to provide the State with the required "opportunity." Baldwin v. Reese, 541 U.S. 27, 29 (2004). Exhaustion generally requires that a prisoner: (1) raise a claim at all stages of the state's direct review process including discretionary state appeals or (2) demonstrate that no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996); see O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). In order to exhaust a habeas claim properly in California, a petitioner must present his claim to the California Supreme Court either on direct or collateral review. California Criminal Law Practice Series: Appeals and Writs in Criminal Cases § 4.25 (CEB 1982 & Supp. 1998); see Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986). State remedies are not exhausted where a state post-conviction proceeding is still pending. Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964).

The federal exhaustion doctrine rests on the policies of comity, federalism, and judicial efficiency. See Granberry v. Greer, 481 U.S. 129, 135 (1987); see Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982). As a matter of comity, federal courts generally do not consider a habeas corpus claim until the appropriate state courts have had a full opportunity to act upon the claim. Rose v. Lundy, 455 U.S. 509, 515 (1982). Furthermore, if the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." Sherwood v. Tomkins, 716 F.2d 632, 633 (9th Cir. 1983). Therefore, "[when] . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged . . . has been finally settled in the state courts." Id. at 634. "Even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved" in the pending state action, the action may still "result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Id.

**2. Analysis**

Direct appeal proceedings in the California state courts are ongoing and Tillis's conviction is not final. Respondent's petition for review was granted by the California Supreme Court, and the court deferred action on the matter pending its consideration and disposition of a related issue in *Zambia*. (Mot. at 2, ECF No. 13.) Tillis retains a pending state action and therefore has not

exhausted state remedies by invoking one complete round of the State's appellate review process. Tillis must await the outcome of the state proceedings and exhaust all state court remedies before presenting his habeas corpus claim in federal court.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Petition should be dismissed without prejudice. Tillis may reassert his claims in a future habeas petition after he has exhausted all of his available state court remedies.

## V. RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For all the foregoing reasons, IT IS HEREBY RECOMMENDED Respondent's Motion to Dismiss be GRANTED without prejudice on grounds that Tillis has yet to exhaust his state court remedies. IT IS FURTHER RECOMMENDED the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) entering an order DISMISSING the petition without prejudice.

IT IS HEREBY ORDERED no later than **February 16, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED any Reply to the Objections shall be filed with the Court and served on all parties no later than **March 1, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 20, 2012

The Honorable Bernard G. Skomal
United States Magistrate Judge